**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN DONALD KERFOOT,<br><br>  Petitioner,<br><br>v.<br><br>WARDEN FCI FORT DIX,<br><br>  Respondent. | Civil Action No. 25-1425 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the habeas petition filed by Petitioner Kevin Donald Kerfoot ("Petitioner") pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has paid the filing fee, the Court is required by Rule 4 of the Rules Governing Section 2254 Cases to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice.

**I.   BACKGROUND**

Petitioner is currently serving a criminal sentence for drug distribution charges in FCI Fort Dix. (ECF No. 1 at 1-2.) According to Petitioner, he is currently listed as being ineligible to receive or accrue credits under the First Step Act because he is subject to an expedited order of removal entered by immigration officers in May 2018. (*Id.* at 2.) Although Petitioner acknowledges that those subject to final orders of removal are, indeed, ineligible to earn or apply credits under the First Step Act, he contends that his expedited order of removal should not prevent

his acquisition of credits. Petitioner believes the order cannot be "final" if it was not the subject of a hearing before an immigration judge and other forms of administrative processes. (*Id.* at 2-3.) Petitioner therefore seeks an order from this Court directing the Bureau of Prisons to consider him eligible to receive FSA credits. (*Id.* at 6.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DISCUSSION

In his habeas petition, Petitioner argues that he should be entitled to earn credits under the First Step Act because he believes his expedited removal order is not sufficiently final to warrant the deprivation of credits under the Act. While the First Step Act provides inmates who engage in recidivism reduction training an opportunity to earn credits towards their early supervised release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). The statute thus bars any inmate who is subject

to a final order of removal from receiving FSA credits or applying any previously earned credits towards early supervised release. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023).

Petitioner argues that he should not be barred from earning or applying credits because he does not believe his expedited order of removal, entered over seven years ago, is sufficiently final. "[I]n the deportation context, a 'final order of removal' is a final order concluding that the alien is deportable or ordering deportation." *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (internal quotations omitted). Under 8 U.S.C. § 1225(b)(1), immigration officers are empowered to issue expedited orders of removal to certain classes of inadmissible aliens. *Duyzings v. Warden, FCI Fort Dix*, No. 23-21574, 2024 WL 1406647, at *3 (D.N.J. April 2, 2024). "An expedited removal order is final when [the Department of Homeland Security] orders an alien deported, and the order is not subject to administrative review." *Id.*; *see also* 8 C.F.R. § 235.3(b)(2)(ii) (an alien issued a notice and expedited order of removal under § 1225(b)(1) has "[n]o entitlement to hearings and appeals" before an immigration judge or the Board of Immigration Appeals). An order of expedited removal under the statute is thus final upon issuance, and the alien ordered removed by such an order has no entitlement to further process to determine the finality of his removal order. An alien subject to a notice and order of expedited removal is therefore subject to a final order of removal for FSA purposes upon the issuance of the order to the alien.

Here, Petitioner readily admits that he was issued an expedited order of removal in May 2018, more than seven years ago. That order was final upon its issuance. *Duyzings*, 2024 WL 1406647 at *3. He is therefore subject to a final order of removal under the immigration laws of the United States and is thus explicitly ineligible to earn or apply FSA credits towards his early supervised release. As Petitioner is clearly ineligible to earn or apply FSA credits, his claim that

he is being improperly denied the right to earn FSA credits is without merit, and his habeas petition must be dismissed as such.

## IV. **CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE